The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff-employee.
3. On July 28, 1995, the plaintiff experienced an injury to his right knee during the course of his employment with defendant-employer.
4. Plaintiff's average weekly wage at the time of such incident was $309.52.
5. The parties stipulated to Exhibits J-1 through J-4 by pre-trial agreement.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In September, 1991, the plaintiff began working for defendant-employer as a helper to a mechanic, installing heating and air conditioning systems at new construction and existing residential sites. Plaintiff was still employed as a helper to an installer at the time of the hearing of this matter.
2. Plaintiff's assigned job duties require him to work both outside and in crawl spaces, attics, and basements and to use specialized tools. One of plaintiff's duties on the job as of July 28, 1995, was to install duct work. These job duties required plaintiff to get into various physical positions including, but not limited to, squatting, kneeling, stooping, and at times sitting or laying down.
3. On July 28, 1995, plaintiff and Rick Hancock had gone to a job site to help another mechanic, Ralph Holbrook, and his helpers finish a job that they had started the previous day. The mechanics were installing new duct work under a house. When plaintiff was assisting Mr. Hancock in the installation process, he installed the duct work and then cut starting collars in the attached duct work while working underneath the structure.
4. After Rick Hancock and plaintiff had worked for some time, Mr. Hancock left the job site and plaintiff was left to assist the supervisor on the job, Ralph Holbrook. Plaintiff had worked assisting Ralph Holbrook on previous occasions.
5. Plaintiff was under the house on his knees doing duct work when Mr. Holbrook instructed plaintiff to go outside the house and to cut a starting collar into a four foot piece of duct work.
6. To cut the duct work, plaintiff had with him a hammer, screw driver, and a pair of cutting snips.
7. While outside the house, plaintiff was in a kneeling position with his right knee on the ground, cutting some duct work with the hand snips. After completing the work, plaintiff started to get up from his kneeling position and felt a pop in his right knee. As plaintiff tried to step forward with his right foot, his right leg gave way and he fell to the ground.
8. Prior to this incident, plaintiff had experienced some soreness but no significant knee problems.
9. Following his injury, plaintiff was taken to Durham Regional Hospital. Plaintiff was then referred to Dr. Peter Gilmer, who treated plaintiff by performing arthroscopic surgery for a displaced bucket handle tear of the medial meniscus.
10. As a result of this incident, plaintiff was out of work with defendant-employer from July 28, 1995, until his return to work with defendant-employer on October 2, 1995.
11. Plaintiff's injury occurred while he was performing his regular assigned work duties in the usual and customary manner. Plaintiff's employment required him to kneel at various times. On July 28, 1995, when plaintiff experienced the pop in his right knee when he was getting up, he had been performing work in a normal manner as would anyone similarly employed in installing duct work on a construction site.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On July 28, 1995, the plaintiff did not sustain an injury by accident as defined by the North Carolina Workers' Compensation Act. Therefore, plaintiff is not entitled to workers' compensation benefits for said incident. G.S. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim under the law must be, and is hereby, DENIED.
2. Each side shall pay its own costs.
This the ___ day of April 1997.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ J. HOWARD BUNN JR. CHAIRMAN
LKM/bjp